BRETT A. SHUMATE
Assistant Attorney General
SCOTT D. BOLDEN
Director
JENNA MUNNELLY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St NW, Room 8408
Washington, DC 20530
Email: jenna.e.munnelly@usdoj.gov
Telephone: (202) 616-1061
EMILY L. CHAPUIS
General Counsel and
Associate Register of Copyrights
JALYCE MANGUM
Assistant General Counsel
MICHAEL DRUCKMAN
Assistant General Counsel
U.S. COPYRIGHT OFFICE

*Attorneys for Defendants Shira Perlmutter and the United States Copyright Office*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

SURYAST U.S. ENTERPRISES, LLC, a California limited liability company,

Plaintiff,

v.

SHIRA PERLMUTTER, in her official capacity as Register of Copyrights and Director of the United States Copyright Office; and THE UNITED STATES COPYRIGHT OFFICE,

Defendants.

No. 2:26-cv-04999-MWF-MAR

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

[*Declaration of Jenna Munnelly; [Proposed] Order filed concurrently herewith*]

Hearing Date: November 18, 2026
Hearing Time: 10:00am
Ctrm: 5A

Honorable Michael W. Fitzgerald
United States District Judge

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ i

NOTICE OF MOTION AND MOTION TO DISMISS ........ iv

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

BACKGROUND ........ 1

LEGAL STANDARD ........ 3

I. Venue ........ 3

II. Standing ........ 4

ARGUMENT ........ 5

I. Venue is not Proper ........ 5

A. The Complaint Fails to Show that Suryast LLC Resides in the Central District of California ........ 5

B. The Court Should Dismiss the Case ........ 8

II. The Complaint Fails to Show that Suryast LLC has Standing ........ 9

CONCLUSION ........ 11

# TABLE OF AUTHORITIES

**Cases**

*Amity Rubberized Pen Co. v. Market Quest Grp. Inc.*,
793 F.3d 991 (9th Cir. 2015) ....................8, 9

*Ass'n of Data Processing Serv. Org.s, Inc. v. Camp*,
397 U.S. 150 (1970)....................4

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
631 F.3d 939 (9th Cir. 2011) ....................9

*Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*,
603 U.S. 799 (2024)....................5, 10

*DBSI/TRI IV Ltd. P'ship v. United States*,
465 F.3d 1031 (9th Cir. 2006)....................4, 9, 11

*Dir., Off. of Workers' Comp. Programs v. Newport News Shipbuilding & Dry Dock Co.*,
514 U.S. 122 (1995)....................5

*E. Bay Sanctuary Covenant v. Trump*,
932 F.3d 742 (9th Cir. 2018) ....................4

*FW/PBS, Inc. v. Dallas*,
493 U.S. 215 (1990)....................11

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010)....................3, 6, 7

*In re Hall, Bayoutree Assocs., Ltd.*,
939 F.2d 802 (9th Cir. 1991) ....................3

*Johnson v. Columbia Properties Anchorage, LP*,
437 F.3d 894 (9th Cir. 2006) ....................4, 7

*Kantharia v. USCIS*,
672 F. Supp. 3d 1030 (C.D. Cal. 2023) ....................4, 6, 7

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)....................9, 10, 11

*Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*,
567 U.S. 209 (2012)....................4

*Mike's Novelties, Inc. v. Grav, Inc.*,
2018 WL 5094959, No. CV-18-0910-MWF (C.D. Cal. May 9, 2018)................8

*Miller v. Hambrick*,
905 F.2d 259 (9th Cir. 1990) ........................................................................8

*Murphy v. Schneider Nat'l, Inc.*,
362 F.3d 1133 (9th Cir. 2004) ......................................................................4

*Piedmont Label Co. v. Sun Garden Packing Co.*,
598 F.2d 491 (9th Cir. 1979) ........................................................................4

*Puri v. Gonzales*,
464 F.3d 1038 (9th Cir. 2006) ......................................................................8

*Rare Breed Triggers, LLC v. Garland*,
639 F. Supp. 3d 903 (D. N.D. 2022)...........................................................6, 7

*Ruhrgas AG v. Marathon Oil Co.*,
536 U.S. 574 (1999)........................................................................................8

*Sessions v. Morales–Santana*,
582 U.S. 47 (2017)..........................................................................................5

*Simon v. E. Ky. Welfare Rights Org.*,
426 U.S. 26 (1976)........................................................................................10

*Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*,
549 U.S. 422 (2007)........................................................................................8

*Thaler v. Perlmutter*,
No. 1:22-cv-01564 (D.D.C. Jun. 2, 2022) ....................................................8

*Thaler v. Perlmutter*,
130 F.4th 1039 (D.C. Cir. 2025)....................................................................8

*Warth v. Seldin*,
422 U.S. 490 (1975)........................................................................................5

**Statutes & Regulations**

5 U.S.C. § 702..........................................................................................4, 5, 9

17 U.S.C. § 201 ..........................................................................................10

17 U.S.C. § 204 ..........................................................................................10

28 U.S.C. § 1391(c) .......... 3, 5, 6
28 U.S.C. § 1391(e) .......... passim
28 U.S.C. § 1404(a) .......... 8, 9
28 U.S.C. § 1406(a) .......... 3

**Rules**

Rule 12(b)(1) .......... 1
Rule 12(b)(2) .......... 1
Rule 12(b)(3) .......... 1, 3
Rule 17 .......... 11

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that, on November 18, 2026 at 10:00 a.m., or as soon thereafter as it may be heard, Defendants Shira Perlmutter, in her official capacity as Register of Copyrights and Director of the United States Copyright Office; and the United States Copyright Office will, and hereby do, move this Court for an order dismissing this action. This motion will be made in the First Street Federal Courthouse before the Honorable Michael W. Fitzgerald, United States District Judge, located at 350 W. 1st Street, Los Angeles, CA 90012.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

PLEASE TAKE FURTHER NOTICE that pursuant to Central District Local Rule 7-9, the deadline for Plaintiff to file any opposition to this Motion is no later than twenty-one (21) days before the date designated for the hearing of the motion, unless the Court orders otherwise.

This motion is made following conferences of counsel pursuant to L.R. 7-3, which took place on October 5, 2026 and October 9, 2026. *See* Declaration of Jenna Munnelly.

Dated: October 13, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
SCOTT D. BOLDEN
Director

/s/ Jenna Munnelly
JENNA MUNNELLY
Trial Attorney

EMILY L. CHAPUIS
General Counsel and
Associate Register of Copyrights
JALYCE MANGUM
Assistant General Counsel
MICHAEL DRUCKMAN
Assistant General Counsel
U.S. COPYRIGHT OFFICE

*Attorneys for Defendants Shira Perlmutter and the United States Copyright Office*

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to the Federal Rules of Civil Procedure Rules 12(b)(1), 12(b)(2), and 12(b)(3) Defendants (the Office or Defendants) respectfully move to dismiss the Complaint of Plaintiff, Suryast U.S. Enterprises, LLC (Suryast LLC). On May 8, 2026, Suryast LLC filed the Complaint against the Office claiming that the Office's refusal of Ankit Sahni's application for copyright registration was arbitrary, capricious, an abuse of discretion, and not in accordance with the law. The Complaint should be dismissed for two reasons: 1) venue is improper because Suryast LLC has not plausibly alleged that it resides in the Central District of California and Mr. Sahni is not identified as a plaintiff and does not reside in the United States, and 2) Suryast LLC lacks standing to bring this matter because it fails to allege any injury it has suffered and fails to show what "rights" it obtained.

## BACKGROUND

On May 8, 2026, Suryast LLC filed the Complaint against the Office. *See* Dkt. 1. The Complaint is directed at the Office's refusal to grant Ankit Sahni's application for copyright registration. *See id.* ¶¶ 1-4. On December 1, 2021, Mr. Sahni submitted an application to register a work titled *Suryast* (the Work). *See id.* ¶¶ 1, 3; *see also* Dkt. 1-1 at 40. The application for copyright named Mr. Sahni as the author of "photograph" and "2-dimensional artwork," and named RAGHAV Artificial Intelligence Painting App as a co-author of "2-dimensional artwork." Dkt. 1 ¶¶ 1-3; *see also* Dkt. 1-1 at 40. On June 29, 2022, the Office issued its Initial Refusal. *See* Dkt. 1 ¶ 16; Dkt. 1-1 at 28-29. On September 27, 2022, Mr. Sahni submitted a First Request for Reconsideration.[1] *See* Dkt. 1 ¶ 17; *see also* Dkt. 1-1 at 33-38. On April 10, 2023, the Office issued its Response to Mr. Sahni's First Request for Reconsideration (Second Refusal), affirming the Initial Refusal. *See* Dkt. 1 ¶ 18; Dkt. 1-1 at 40-45. On July 10, 2023, Mr. Sahni submitted a

---

[1] Mr. Sahni's First Request for Reconsideration requested to "amend the application to list only Ankit Sahni ('Sahni') as the author of 'photograph, 2-D artwork,' and to remove RAGHAV Artificial Intelligence as author of the '2-D artwork.'" Dkt. 1-1 at 33.

Second Request for Reconsideration. *See* Dkt. 1 ¶ 19; Dkt. 1-1 at 49-54. On December 11, 2023, the Office issued its Review Board Decision, affirming the Second Refusal. *See* Dkt. 1 ¶ 20; *see also* Dkt. 1-1 at 56-64.

The Complaint alleges that "[v]enue is proper in this District pursuant to 28 U.S.C. § 1391(e) because the plaintiff resides in this District." Dkt. 1 ¶ 8. The Complaint further claims that "Plaintiff Suryast LLC is a limited liability company organized under the laws of California with its principal place of business in California." *Id.* ¶ 9. The Complaint does not identify an address for Suryast LLC's principal place of business. *See id.* The online business entity database of California (California Database) states that Suryast LLC was created on April 16, 2026.[2] *See* Ex. A (Suryast LLC's Articles of Organization). The California Database lists Suryast LLC's principal address and mailing address as "11601 Wilshire Boulevard, Suite 2080, Los Angeles, CA 90025." *Id.* The California Database lists Ryan Abbott—counsel of record in this matter—as Suryast LLC's Agent and Mr. Abbott's address is also listed as "11601 Wilshire Boulevard, Suite 2080, Los Angeles, CA 90025."[3] *Id.* Further, the California Database does not identify any owners, members, or managers of Suryast LLC.[4] *See* Ex. A; Ex. B.

The Complaint further alleges that on April 21, 2026, three business days after the creation of Suryast LLC, *see* Ex. A, Mr. Sahni "assigned the copyright and associated rights in the Work to Suryast LLC." Dkt. 1 ¶ 21; *see also id.* ¶ 6. No assignment agreement is included with the Complaint. The Complaint claims that the Office's "refusal to register the Work" is "arbitrary, capricious an abuse of discretion and not in

---

[2] The California Database also shows that a limited liability company named Suryast LLC was created on March 13, 2026. *See* Ex. B.

[3] Suryast LLC's Articles of Organization are signed by Arun Avva, an attorney with Brown Neri Smith & Khan LLP, Mr. Abbott's law firm. *See* Ex. A.

[4] The California Database requires identification of manager(s) and member(s) on a Statement of Information. *See* Ex. C (Form LLC-12). Suryast LLC's Statement of Information was due by July 12, 2026, but does not appear to have been submitted. *See* Ex. B.

accordance with the law." *Id.* ¶ 26. Although Mr. Sahni is not a party to the action, the relief requested by Suryast LLC includes requesting that the Court, "[o]rder the Copyright Office to register the Work in its entirety with Sahni as the author" and "[a]ward costs and reasonable attorney's fees to Sahni." *Id.* at 6. Six weeks after filing the Complaint, Suryast LLC filed its Notice of Interested Parties, which identifies Mr. Sahni's "Connection/Interest" in the litigation as "Author/Owner of Suryast U.S. Enterprises, LLC." Dkt. 10; *see also* Dkt. 7.

## LEGAL STANDARD

### I. Venue

Pursuant to Rule 12(b)(3), a party may move to dismiss a case for "improper venue." "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Dismissal for improper venue must be without prejudice. *See, e.g.*, *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991). Pursuant to 28 U.S.C. § 1391(e)(1), where a defendant is an officer or employee of the United States, a plaintiff may bring its claims in any judicial district in which:

> (A) a defendant in the action resides,
> (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (C) the plaintiff resides if no real property is involved in the action.

§ 1391(e)(1). "[A]n entity with the capacity to sue and be sued . . ., whether or not incorporated, shall be deemed to reside . . . if a plaintiff, only in the judicial district in which it maintains its principal place of business." 28 U.S.C. § 1391(c)(2). The Supreme Court has interpreted "principal place of business" or "the corporation's 'nerve center'" to be "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). In *Hertz*, the Supreme Court cautioned against finding a principal place of business that is "nothing more than a mail drop box, a bare office with a computer, or the location of an

annual executive retreat." *Id.* at 97. Further, a limited liability company is "a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

"On a venue challenge, the proponent of venue bears the burden to show venue is proper." *Kantharia v. USCIS*, 672 F.Supp.3d 1030, 1032 (C.D. Cal. 2023) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)). Additionally, "Courts may consider facts outside the pleadings and need not accept the pleadings as true, but all reasonable inferences and factual conflicts must be resolved in the nonmoving party's favor." *Kantharia*, 672 F. Supp. 3d at 1032 (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137–38 (9th Cir. 2004)).

**II. Standing**

Under the Administrative Procedures Act (APA), judicial review is available in suits brought by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702; *see also E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 767-68 (9th Cir. 2018) (quoting 5 U.S.C. § 702). The Supreme Court "has long held that a person suing under the APA must satisfy not only Article III's standing requirements, but an additional test: The interest he asserts must be 'arguably within the zone of interests to be protected or regulated by the statute' that he says was violated." *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 224 (2012) (quoting *Ass'n of Data Processing Serv. Org.s, Inc. v. Camp*, 397 U.S. 150, 153 (1970)). To establish standing to sue under the APA, a plaintiff

> must first meet the irreducible constitutional minimum of standing [which] contains three elements: (1) injury in fact; (2) causation; and (3) likelihood that a favorable decision will redress the injury . . . [and] must also show (1) that there has been final agency action adversely affecting the [party], and (2) that, as a result, it suffers legal wrong or that its injury falls within the zone of interests of the statutory provision the [party] claims was violated.

*DBSI/TRI IV Ltd. P'ship v. United States*, 465 F.3d 1031, 1038 (9th Cir. 2006) (internal quotations and citations omitted).

"Ordinarily, a party 'must assert his own legal rights' and 'cannot rest his claim to relief on the legal rights of third parties.'" *Sessions v. Morales–Santana*, 582 U.S. 47, 57 (2017) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). As the Supreme Court noted, "[w]e have explained that § 702 'requir[es] a litigant to show, at the outset of the case, that he is injured in fact by agency action.'" *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 807-08 (2024) (quoting *Dir., Off. of Workers' Comp. Programs v. Newport News Shipbuilding & Dry Dock Co.*, 514 U.S. 122, 127 (1995)). "Thus, a litigant cannot bring an APA claim unless and until she suffers an injury." *Id.*

## ARGUMENT

The Court should dismiss this case for two reasons. First, venue is improper because Suryast LLC does not reside in this District. The Complaint fails to show that Suryast LLC has any ties to California, much less that its principal place of business is located here. Second, Suryast LLC lacks standing to bring this matter. The Complaint fails to allege that Suryast LLC, the only plaintiff, suffered any legal wrong, was adversely affected or aggrieved by any Office action or suffered any injury. The Complaint also fails to show what alleged rights Suryast LLC obtained.

### I. Venue is not Proper

#### A. The Complaint Fails to Show that Suryast LLC Resides in the Central District of California

The Complaint claims venue is proper "pursuant to 28 U.S.C. § 1391(e) because the plaintiff resides in this District" and states that "Suryast LLC is a limited liability company organized under the law of California with its principal place of business in California." Dkt. 1 ¶ 8-9. However, the Complaint does not identify an address for Suryast LLC's alleged principal place of business, identify any owners or members of Suryast LLC, or allege any business conducted by Suryast LLC in the state of California. *See generally* Dkt. 1.

Whether a plaintiff resides in a particular district is determined according to 28 U.S.C. § 1391(c). Specifically, § 1391(c)(2) states "an entity with the capacity to sue

and be sued . . ., whether or not incorporated, shall be deemed to reside . . . if a plaintiff, only in the judicial district in which it maintains its principal place of business." In other words, Suryast LLC must establish that its "principal place of business" is in the Central District of California to meet its burden of showing that venue is proper. *See* § 1391(c)(2); *see also Kantharia*, 672 F. Supp. 3d at 1032 ("On a venue challenge, the proponent of venue bears the burden to show venue is proper."). As discussed above, the Supreme Court has interpreted "principal place of business" (or "nerve center") in the federal diversity jurisdiction statute to be "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 559 U.S. at 92-93. When venue is challenged, the Supreme Court has "reject[ed] suggestions . . . that the mere filing of a form like the Securities and Exchange Commission's Form 10–K listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'" *Id.* at 97. And,

> if the record reveals attempts at manipulation—for example, that the alleged "nerve center" is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat—the courts should instead take as the "nerve center" the place of actual direction, control, and coordination.

*Id.*; *see also Rare Breed Triggers, LLC v. Garland*, 639 F. Supp. 3d 903, 910 (D. N.D. 2022) (granting a motion to dismiss an APA claim for improper venue, where the plaintiff was an inactive LLC organized in North Dakota, with no business there other than a mailing address) (citing *Hertz Corp.*, 559 U.S. at 97).

Here, the Complaint does not identify an address for Suryast LLC's alleged principal place of business. *See* Dkt. 1 ¶ 9. As discussed above, the California Database lists Suryast LLC's principal address and mailing address as "11601 Wilshire Boulevard, Suite 2080, Los Angeles, CA 90025." Ex. A. The California Database also lists Ryan Abbott—Suryast LLC's counsel of record in this matter—as the Agent for Suryast LLC and lists the same Wilshire Boulevard address for Mr. Abbott. *See id*. Mr. Abbott's signature block on the Complaint indicates that this Wilshire Boulevard address is the law offices of Brown Neri Smith & Khan LLP. *See* Dkt. 1. The Complaint does not

allege that the Wilshire Boulevard address is Suryast LLC's principal place of business and the Court should "reject" any claim by Suryast LLC that its Articles of Organization are "sufficient proof to establish" its principal place of business is in the Central District of California. *Hertz Corp.*, 559 U.S. at 97. Rather, the Court should find that the Wilshire Boulevard address is "nothing more than a mail drop box," *id.*, and that Suryast LLC has not met its burden of showing that venue is proper in this District. *See, e.g.*, *Rare Breed*, 639 F. Supp. 3d at 910 ("Without a principal place of business to establish venue in this district, [plaintiff] must show either a defendant resides in this district or a substantial portion of the events giving rise to its claims arose in this district.") (citing § 1391(e)(1)(A)-(B)).

Further, the Complaint does not identify any owners or members of Suryast LLC, let alone claim that any owners or members reside in or direct Plaintiff's business from this District. *See* Dkt. 1; *see also Johnson*, 437 F.3d at 899 (a limited liability company is "a citizen of every state of which its owners/members are citizens"). The California Database indicates that, to date, Suryast LLC has failed to submit its Statement of Information form, which would identify the LLC's manager(s) or member(s). *See* Ex. B; *see also* Ex. C (Form LLC-12). The only indication of Suryast LLC's management or ownership is its belated Noice of Interested Parties, which lists Mr. Sahni as "Author/Owner of Suryast U.S. Enterprises, LLC," and identifies no other members. Dkt. 10. Mr. Sahni's correspondence with the Office, which is attached to the Complaint, states that he resides in New Delhi, India. *See, e.g.*, Dkt. 1-1 at 26.

The allegations that Suryast LLC "resides in this District," and has "its principal place of business in California," are legal conclusions that are not supported by any factual allegations. Dkt. 1 ¶¶ 8-9. These claims are insufficient to meet Suryast LLC's burden to show that venue is proper in this District. *See Kantharia*, 672 F.Supp.3d at 1032 ("the proponent of venue bears the burden to show venue is proper"). Therefore, the Complaint should be dismissed.

**B. The Court Should Dismiss the Case**

This case does not have ties to this District. Defendants do not reside in California, none of the administrative actions occurred in this District, and Suryast LLC has not shown that it resides in California. Where venue is improper due to a good-faith procedural mistake, courts ordinarily transfer the case to a proper venue in lieu of dismissal. *See* 28 U.S.C. § 1404(a); *see also Amity Rubberized Pen Co.*, *v. Market Quest Group Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) ("'[n]ormally transfer will generally be in the interest of justice, unless it is apparent that the matter to be transferred is frivolous or was filed in bad faith") (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990)). However, the Court has the discretion to instead dismiss a case for improper venue if transfer "would not serve the interest of justice," including where a party "'was aware of the proper procedure for review' but filed with a different court for a bad-faith purpose." *Amity Rubberized Pen Co.*, 793 F.3d at 996 (citing *Puri v. Gonzales*, 464 F.3d 1038, 1043 (9th Cir. 2006)).

Dismissal without prejudice is appropriate in this case. As discussed above and below, the Complaint is deficient in multiple ways. Dismissing for improper venue would prevent the Court from expending judicial resources to gather facts and resolve a standing issue that appears to be of Suryast LLC's own making. *See, e.g.*, *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (the court "has leeway 'to choose among threshold grounds for denying audience to a case on the merits'") (quoting *Ruhrgas AG v. Marathon Oil Co.*, 536 U.S. 574, 585 (1999)); *see also Mike's Novelties, Inc. v. Grav, Inc.,* 2018 WL 5094959, No. CV-18-0910-MWF, at *1 (C.D. Cal. May 9, 2018) (venue is "among those threshold grounds") (citing *Sinochem Int'l Co.*, 549 U.S. at 425). Here, there may be reason to doubt that Suryast LLC's choice of venue arose from a good-faith procedural mistake. Counsel for Suryast LLC is a sophisticated attorney who has litigated similar, properly-venued cases but has lost on the merits. *See, e.g.*, *Thaler v. Perlmutter*, No. 1:22-cv-01564, Dkt. 1 ¶ 9 (D.D.C. Jun. 2, 2022); *see also Thaler v. Perlmutter*, 130 F.4th 1039, 1041 (D.C. Cir. 2025) (affirming

the Register's refusal to register a work where the claimant attributed authorship to generative AI), *cert. denied*, 146 S. Ct. 1777, 224 L. Ed. 2d 161 (2026). The timing and incomplete facts surrounding the transfer of the Work at issue to Suryast LLC raise further questions. *See, e.g.*, Dkt. 1 ¶ 21. Dismissal for improper venue would make untangling these facts unnecessary and would best serve the interests of justice. *See Amity Rubberized Pen Co.*, 793 F.3d at 996.

If, *arguendo*, the Court were to determine that dismissal is not warranted, it should at a minimum find that the District of the District of Columbia better serves the interest of justice and transfer the case. *See* 28 U.S.C. § 1404(a). The District of the District of Columbia is the proper venue pursuant to § 1391(e)(1)(A) and § 1391(e)(1)(B) because Defendants are located at 101 Independence Avenue SE, Washington, D.C. 20559-6000 and the events giving rise to the claim occurred in Washington, D.C. *See* 28 U.S.C § 1391(e)(1)(A) (the judicial district where a defendant in the action resides), (B) (the judicial district where a substantial part of the events or omissions giving rise to the claim occurred).

## II. The Complaint Fails to Show that Suryast LLC has Standing

The Complaint should also be dismissed for failing to allege basic facts necessary to demonstrate standing. Whether the Complaint sufficiently pleads the elements of standing is "an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). As discussed above, "[t]o establish standing to sue under the APA, [a plaintiff] must first meet the irreducible constitutional minimum of standing" including identifying an "injury in fact [and] causation." *DBSI/TRI IV Ltd.*, 465 F.3d at 1038; *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (the plaintiff "must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [agency's] actions"); *see generally* 5 U.S.C. § 702.

Although the Complaint identifies an alleged violation of the APA, it does not allege that Suryast LLC has been injured by the Office's action or is entitled to any relief. *See generally* Dkt. 1. Instead, the requested relief is directed at Mr. Sahni, a non-party. *See* Dkt. 1 at 6. The Complaint asks the court to "[o]rder the Copyright Office to register the Work in its entirety with Sahni as the author" and "[a]ward costs and reasonable attorney's fees to Sahni." *Id.* Absent a showing that Suryast LLC (as opposed to Mr. Sahni) was injured in fact, the Complaint fails to meet the standing requirements. *See, e.g.*, *Corner Post*, 603 U.S. at 807-08 ("a litigant cannot bring an APA claim unless and until she suffers an injury").

The Complaint attempts to elide the injury and causation requirements with a single sentence alleging that "[o]n April 21, 2026, the Author assigned the copyright and all associated rights in the Work to Suryast LLC." Dkt. 1 ¶ 21. But the alleged acquisition of rights, without more, does not establish a causal connection. *See, e.g.*, *Lujan*, 504 U.S. at 560-61 ("there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.'") (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)).

Furthermore, the Complaint does not provide evidence as to the scope of the rights Suryast LLC allegedly obtained. The Complaint does not attach or specify the terms of the alleged agreement, including whether "associated rights" include the right to share in any relief obtained or to sue on Mr. Sahni's behalf for an act that took place prior to assignment.[5] *See* Dkt. 1 ¶ 21. Without more information regarding the alleged

---

[5] This case does not raise questions about an assignee's ability to register a claim or avail themselves of the Office's review process in the first instance. Section 204 of the Copyright Act permits a copyright owner to transfer their exclusive rights in a copyrighted work. *See* 17 U.S.C. § 204(a) (transfer must be made in writing and signed by the owner of the rights conveyed or the owner's authorized agent). Pursuant to a valid transfer, an assignee becomes the legal copyright owner and can exercise property rights in the work, which can include submitting the work for registration. *See id.* § 201(d).

transfer, Suryast LLC cannot meet its burden of showing it is the proper plaintiff such that it "suffer[ed a] legal wrong or that its injury falls within the zone of interests of the statutory provision the [party] claims was violated." *DBSI/TRI IV*, 465 F.3d at 1038; *see also* Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). The conclusory statement that "the Author assigned the copyright and all associated rights in the Work to Suryast LLC," Dkt. 1 ¶ 21, is insufficient to show that Suryast LLC has standing to bring this action. *See, e.g.*, *Lujan*, 504 U.S. at 561 ("The party invoking federal jurisdiction bears the burden of establishing [the standing] elements.") (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)). Because the Complaint fails to adequately plead standing, it should be dismissed.

**CONCLUSION**

For the forgoing reasons, Defendants respectfully requests that the Court dismiss the Complaint.

Dated: October 13, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

SCOTT D. BOLDEN
Director

<u>/s/ Jenna Munnelly</u>
JENNA MUNNELLY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email: jenna.e.munnelly@usdoj.gov
Telephone: (202) 616-1061

*Attorneys for Defendants Shira Perlmutter and the United States Copyright Office*

EMILY L. CHAPUIS
General Counsel and
Associate Register of Copyrights
JALYCE MANGUM
Assistant General Counsel
MICHAEL DRUCKMAN
Assistant General Counsel
U.S. COPYRIGHT OFFICE

**L.R. 11-6.1 Certification**

The undersigned counsel of record for Defendants certifies that this brief contains 4,237 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 13, 2026

/s/ Jenna Munnelly
JENNA MUNNELLY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice